IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES KENT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| TAYLOR SMITH CONSULTING, LLC, | § | |
| WASTE MANAGEMENT, INC. and WASTE | § | |
| MANAGEMENT OF TEXAS, INC. | § | |
| | | |
| Defendants. | | |

## PLAINTIFF'S SWORN ORIGINAL COMPLAINT

Plaintiff Charles Kent ("Mr. Kent" or "Plaintiff"), files his Sworn Original Complaint against Defendants Taylor Smith Consulting, LLC, Waste Management, Inc., and Waste Management of Texas, Inc. (collectively "Defendants"), showing as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     The Plaintiff, Mr. Kent, is a natural person residing in Houston, Texas.  He was employed by Defendants in Houston, Texas.  Mr. Kent has standing to file this lawsuit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

2.     Taylor Smith Consulting, LLC ("Taylor Smith") is a domestic limited liability company duly formed under the laws of the state of Texas, and doing business in the state of Texas. Its corporate headquarters and principal place of business are located at 16800 Greenspoint Park Drive #155N, Houston, Texas 77060, and it may be served with process through its registered agent, Tracy T. Smith, 16800 Greenspoint Park Dr., Ste. #155N, Houston, Texas 77060.

3.     Waste Management, Inc. is a Delaware corporation with its corporate headquarters and principal place of business located at 1001 Fannin, Suite 4000, Houston, Texas 77002, and it

may be served with process through its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

4.    Waste Management of Texas, Inc. is a domestic for profit corporation with its corporate headquarters and principal place of business located at 1001 Fannin, Suite 4000, Houston, Texas 77002, and it may be served with process through its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.   Waste Management, Inc. and Waste Management of Texas, Inc. are jointly referred to herein as "Waste Management."

5.    During both 2014 and 2015 each of the Defendants engaged in an industry affecting commerce and employed twenty or more employees for each working day in each of twenty or more calendar weeks.

6.    Personal jurisdiction is proper because all the Defendants have continuous and systematic contacts with and in the State of Texas, and the events or omissions giving rise to the Plaintiff's claims occurred in the State of Texas.

7.    Subject matter jurisdiction is proper because Mr. Kent brings his claim under a federal law (the ADEA).

8.    Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Southern District of Texas, the unlawful employment practices alleged in this case occurred in the Southern District of Texas, and there are employment records relevant to Mr. Kent's claim maintained and administered by the Defendants in this district.

## FACTUAL BACKGROUND[1]

9.      Taylor Smith is a staffing services and resource provider specializing in the recruiting, placement, and staffing of various types of workers to their clients, including general laborers.  Upon information and belief, for years, Waste Management has been one of Taylor Smith's customers for staffing services, and particularly for general laborers.

10.      In June 2015, Mr. Kent applied for a job with Taylor Smith, for Taylor Smith to assign him to one of its customers, Waste Management.  Mr. Kent was 62-years old at the time. Mr. Kent wanted a job as a Garbage Truck Helper, helping to loading garbage into Waste Management's garbage trucks.  There were openings for Garbage Truck Helpers at the time.  Mr. Kent was qualified and physically fit to be a Garbage Truck Helper.  But, Taylor Smith's hiring manager, Rosemary Almendarez, told Mr. Kent that he was "too old" for that job, and she did not want to be responsible if he got hurt, so she refused to give Mr. Kent a job as a Garbage Truck Helper. Instead, she assigned him to work as a Laborer washing Waste Management's garbage trucks in the warehouse in Houston.

11.      As a result of being discriminatorily denied the Garbage Truck Helper position, Mr. Kent began working for Taylor Smith on or about Monday, June 15, 2015, as a Laborer for Waste Management, in Houston, Texas, washing garbage trucks on a crew with substantially younger workers (Ex. 1).  His work was performed at Waste Management's warehouse, and was supervised by a Waste Manager warehouse foreman, named "Mark" (LNU).

12.      Mr. Kent did a great job.  But, on Thursday, June 25, 2015, Mark (LNU) told Mr. Kent he was "laid off."  Yet, the substantially younger workers on his crew were retained, along

---

[1] Because the factual allegations set forth in this section are sworn to under oath, Plaintiff's Sworn Original Complaint is admissible evidence.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

with other substantially younger workers not on his crew.  As far as Mr. Kent could tell, he was the only one "laid off" that day.

13.      Furthermore, while he was working in Waste Management's warehouse, Mr. Kent had been asked by one of Taylor Smith's foremen if he could weld.  Mr. Kent told him that he could weld, and was actually a certified stick and mig welder in Georgia at one point (Mr. Kent showed the foreman documentary proof of this).  There was welding work to be done at the warehouse where Mr. Kent was assigned.  Yet, according to Taylor Smith's foreman, Waste Management refused to permit Mr. Kent to transfer into the weld shop.

14.      Similarly, on Mr. Kent's last day in the warehouse, he was assigned to do yard work and to clean up the warehouse.  He saw there was plenty of that type of work to do.  But, instead of being assigned to do it, the Waste Management foreman, Mark, sent Mr. Kent home on Thursday, July 25, 2015, telling him he had been "laid off."

15.      The same day he was "laid off," and the very next day, Friday, June 26, 2015, Mr. Kent called back to Taylor Smith for more work with another customer, but was told by Taylor Smith that no work was available (Ex. 3 at 2).  As mentioned, this was not true – substantially younger workers in the same job were retained.  For example, the following week, Mr. Kent went to Waste Management's warehouse to pick up his check, and he saw the two substantially younger workers on his crew still working there.  They came and asked Mr. Kent what happened, and they seemed shocked that he had been let go.

16.      After Taylor Smith told him no work was available for him, Mr. Kent promptly applied for unemployment benefits (Ex. 2).  They were initially denied because Taylor Smith told the Texas Workforce Commission ("TWC") that Mr. Kent had been terminated for poor performance, which the TWC then deemed misconduct connected with the work (Ex. 2).

-4-

17.     Mr. Kent timely appealed the TWC's initial determination and, on appeal, it was reversed – the TWC found that Mr. Kent was not terminated for poor performance or misconduct connected with the work (Ex. 3).

18.     On March 30, 2016, which is less than 300 days from both the date that Rosemary (LNU) told Mr. Kent he was "too old" to be a Garbage Truck Helper, and the date of his termination, June 25, 2016, Mr. Kent filled out and filed with the EEOC an "Intake Questionnaire." (Ex. 4).  He was *pro se*.

19.     In the "Intake Questionnaire," Mr. Kent identified both Taylor Smith and Waste Management as his employers (*Id.* at 1).  Mr. Kent set forth a claim for age discrimination against both Taylor Smith and Waste Management (Ex. 4 at   2).  Mr. Kent specifically alleged that he was denied the job as a Garbage Truck Helper position because of his age and reported that Rosemary Almendarez had told him he was "too old" for the position (*Id.* at 2, 4).

20.     In the "Intake Questionnaire," Mr. Kent also specifically alleged that there was evidence of pretext in his termination in the fact that he was told he was let go for lack of work on June 25, 2015, but then Taylor Smith informed the TWC that he had been terminated for poor performance (*Id.*).  Mr. Kent specifically asked the EEOC to file a Charge of Discrimination on his behalf (*Id.* at 4).    Under the circumstances here, Mr. Kent's Intake Questionnaire unquestionably constitutes a "Charge" with the EEOC, and thus he timely filed a "Charge" as to all his complaints of discrimination.  *See, e.g.*, *Smith v. Academy, Ltd.*, 156 F. Supp. 3d 840, 844-45 (S.D. Tex. 2016) (holding on even less compelling facts that an intake questionnaire filed with the EEOC constituted a charge for exhaustion of administrative remedies purposes).

21.     Based on his "Intake Questionnaire," the EEOC investigator assigned to Mr. Kent prepared a formal "Charge" against Taylor Smith on an EEOC Form 5.  On April 19, 2016, Mr.

Kent *pro se* signed and filed that formal Charge, alleging age discrimination against Taylor Smith (Ex. 5). He made the same allegations as he did in the Intake Questionnaire. This Charge was sent to Taylor Smith, and they responded to it on October 19, 2016 (Exs. 5 and 8).

22.    The EEOC investigator then created a new formal Charge on Form 5 to file against Waste Management, and on May 20, 2016, Mr. Kent *pro se* signed and filed that Charge, alleging age discrimination against Waste Management (Ex. 6). He made the same allegations as he did in the Intake Questionnaire. This Charge was sent to Waste Management, and they responded to it on June 9, 2016 (Exs. 5 and 7).

23.    On May 11, 2017, pursuant to Mr. Kent's request, the EEOC issued Right to Sue notices to Mr. Kent as to both Charges, giving him ninety days from his receipt of the notices to file suit under the ADEA against both Taylor Smith and Waste Management (Exs. 9 and 10). Mr. Kent timely files this ADEA suit against both Taylor Smith and Waste Management within that ninety-day period.

24.    The staffing company, Taylor Smith, and its customer, Waste Management, are joint employers under the "hybrid economic realities/common law control test." *See Deal v. State Farm Cnty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118–19 (5th Cir. 1993) (quoting *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990)). "The right to control an employee's conduct is the most important component of this test," and courts consider "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* at 119. "The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* Waste Management had the authority to control Mr. Kent's conduct, including the right to select him for hiring, to fire him

off its site (which it did), to supervise his work, and set his schedule. As such, it is a joint employer with Taylor Smith. *See, e.g., Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227-28 (5th Cir. 2015) (finding staffing company's client was an employer under federal anti-discrimination law).

25.    Taylor Smith is liable for its own discrimination in refusing to give Mr. Kent a job as a Garbage Truck Helper because of his age, and for any other age discrimination it independently committed.

26.    Taylor Smith is (jointly) liable for Waste Management's age discrimination in terminating Mr. Kent because, under the facts here, it knew or should have known that Waste Management terminated Mr. Kent from his assignment with them based on his age. *See Nicholson v. Securitas Security Services USA, Inc.*, 830 F.3d 186, 189-90 (5th Cir. 2016). Waste Management is also liable for its own discrimination in terminating Mr. Kent from its assignment based on his age.

## AGE DISCRIMINATION CLAIMS UNDER THE ADEA

A.    **Law**

27.    The ADEA was designed to "promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

28.    "A plaintiff can demonstrate age discrimination through direct evidence or by an indirect or inferential [circumstantial] method of proof." *Rachid v. Jack In The Box, Inc.*, 376 F.3d

-7-

305, 309 (5th Cir. 2004). To qualify as direct evidence of age discrimination, a statement must be: (1) age related; (2) proximate in time to the termination; (3) made by an individual with authority over the termination; and (4) related to the employment decision. *See Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003).

29.    The circumstantial model is governed by the well-known burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the circumstantial model, to establish a *prima facie* case of age discrimination based on circumstantial evidence, "a plaintiff must show that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Rachid*, 376 F.3d at 309 (internal quotations and citations omitted); *Palasota*, 342 F.3d at 575-76. The burden to establish a *prima facie* case of age discrimination is not an "onerous" one. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). Under this framework, "a plaintiff is entitled to a 'presumption of discrimination' if he can meet the minimal initial burden' of establishing a *prima facie* case." *Id.*

30.    If the plaintiff makes out a *prima facie* case, the burden of production then shifts to the defendant to proffer a legitimate, nondiscriminatory reason for the challenged employment action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993); *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). If the defendant meets its burden, the presumption raised by the plaintiff's *prima facie* case disappears. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 255 n. 10 (1981). The plaintiff is then given the opportunity to demonstrate that the defendant's articulated rationale was merely a pretext for discrimination. *See Hicks*, 509 U.S. at 507-08; *Burdine*, 450 U.S. at 253; *Machinchick v. PB Power, Inc.*, 398 F.3d 345 (5th Cir. 2005).

31.     Regarding the standard of causation, ultimately, under the ADEA, the burden falls to the employee to produce evidence that "but for" his age, he would not have been terminated. *See Gross v. FBL Servs. Inc.*, 129 S. Ct. 2343, 2352 (2009) (holding by the U.S. Supreme Court that the ADEA requires "but for" causation).

**B.      Analysis**

32.     As for his claim based on the failure to hire him as a Garbage Truck Helper, Mr. Kent wins under the direct evidence model of proof.  This is so because Taylor Smith's hiring manager, Rosemary Almendarez, told Mr. Kent that he was "too old" for that job, and she did not want to be responsible if he got hurt, so she refused to give Mr. Kent a job as a Garbage Truck Helper, and instead assigned him to wash garbage trucks in the warehouse.  That is direct evidence of age discrimination.

33.     As for his claim based on his termination, Mr. Kent wins under the circumstantial model because he was replaced by a substantially younger worker and/or otherwise treated worse than younger workers who were retained, and, as set out above, shifting and conflicting reasons have been given for his termination.  *See, e.g.*, *Nasti v. CIBA Specialty Chem. Corp.*, 492 F.3d 589, 594 (5th Cir. 2007) ("A court may infer pretext where a defendant has provided inconsistent or conflicting explanations for its conduct."); *Burrell v. Dr. Pepper/Seven Up Bottling Grp, Inc.*, 482 F.3d 408 (5th Cir. 2007) (shifting explanations can be evidence of pretext); *Gee v. Principi*, 289 F.3d 342 (5th Cir. 2002) (same).

**C.      Damages**

34.     The damages under the ADEA consist of back-pay, front-pay (or reinstatement), liquidated damages, attorneys' fees, and costs.  Each component is explained below.

35.     <u>Back-pay</u>.  Prevailing claimants under the ADEA may recover lost back-pay and benefits.  *See Miller v. Raytheon Co.*, 716 F.3d 138, 146 (5th Cir. 2013).  The purpose of back pay

is to "make whole the injured party by placing that individual in the position he or she would have been in but for the discrimination." *Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1136 (5th Cir. 1988).

36.    Front-pay. "Front pay refers to future lost earnings." *Wal-Mart Stores v. Davis*, 979 S.W.2d 30, 45 (Tex. App.–Austin 1998, pet. denied). The law allows a plaintiff to recover front pay when a plaintiff shows that reinstatement is not feasible. TEX. PATTERN JURY INSTRUCTIONS § 110.30, Comment, Front Pay (2003 ed.) (citing federal law); *cf. Brunnemann v. Terra Int'l Inc.*, 975 F.2d 175, 180 (5th Cir. 1992) (ADEA case). Generally, reinstatement is the preferred equitable remedy for a discriminatory discharge. *Julian v. City of Houston, Tex.*, 314 F.3d 721, 729 (5th Cir. 2002). However, if reinstatement is not feasible, front-pay will be awarded if it is consistent with the remedial purposes of the law. *Brunnemann*, 975 F.2d at 180. "[R]einstatement is not preferred over front pay when there is no vacancy in the desired position." *Mitchell v. Sisters of Charity of Incarnate Word*, 924 F. Supp. 793 (S.D. Tex. 1996) (quoting *Shore v. Federal Express Corp.*, 777 F.2d 1155 (6th Cir. 1985)). In other words, if reinstatement would require displacing or bumping an innocent employee from their job, then it is considered to be infeasible, and front-pay may be awarded instead of reinstatement. *See Ray v. Iuka Special Mun. Separate Sch. Dist.*, 51 F.3d 1246, 1254 (5th Cir. 1995).

37.    In this case, front-pay, rather than reinstatement, would presumably be awarded, because Mr. Kent job has apparently already been filled. *See, e.g.*, *Jackson*, 2011 WL 2119644, at *8-9 (Fifth Circuit decision affirming five-year front-pay award in an age discrimination case); *Mota v. University of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 527 (5th Cir. 2001) (affirming front-pay award of approximately ten years); *Donlin v. Philips Lighting North Am. Corp.*, 581 F.3d 73, 88 (3rd Cir. 2009) (holding that district court did not abuse its discretion in awarding plaintiff

front-pay for ten years); *Meacham v. Knolls Atomic Power Lab.*, 381 F.3d 56, 79 (2d Cir. 2004) (affirming front-pay awards of nine to twelve and one-half years), *vacated on other grounds sub nom KAPL, Inc. v. Meacham*, 544 U.S. 957 (2005); *Gotthardt v. National R.R. Passenger Corp.*, 191 F.3d 1148 (9th Cir. 1999) (affirming an eleven year front pay award); *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 574 (7th Cir. 1995) (holding that ten-year front-pay award did not constitute an abuse of discretion); *Hukkanen v. International Union of Operating Eng'rs, Hoisting & Portable Local No. 101*, 3 F.3d 281, 286 (8th Cir. 1993) (holding that a ten year front-pay award did not constitute an abuse of discretion).

38.    <u>Liquidated Damages</u>.    Claimants under the ADEA are also entitled to liquidated damages – a doubling of the back-pay award – where a violation is determined to be willful. *See Miller*, 716 F.3d at 145. "A violation of the ADEA is willful if the employer knew or showed reckless disregard for whether its conduct was prohibited by the ADEA." *Smith v. Berry Co.*, 165 F.3d 390, 395 (5th Cir. 1999) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985). Defendants' violation in this case was willful. *See Miller*, 716 F.3d at 145 (evidence supported jury's finding of a willful violation of the ADEA by Raytheon even though it was "undisputed that Raytheon had to undertake a reduction in force and that it instituted facially age-neutral policies and processes according to which a nondiscriminatory basis for Miller's termination could be justified."); *Palasota,* 499 F.3d at 481-82 (evidence supported finding of a willful violation of the ADEA, thus justifying award of liquidated damages); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 391-92 (5th Cir. 2003) (same); *Tyler v. Union Oil Co.*, 304 F.3d 379, 398-99, 401 (5th Cir. 2002) (same, and stating that "[w]e hold that the plain language of the statutes requires the interpretation that liquidated damages in an amount equal to the back pay

award are mandatory upon a finding of willfulness."); *Woodhouse v. Magnolia Hospital*, 92 F.3d 248, 256-57 (5th Cir. 1996) (same).

39.    <u>Attorneys' fees</u>.  Attorneys' fees are recoverable to a prevailing plaintiff under the ADEA.  *See Miller*, 716 F.3d at 149 (affirming an award of attorneys' fees of $488,437.08 to the plaintiff in a single-plaintiff ADEA/TCHRA discrimination case that arose in Dallas); *Lewallen v. City of Beaumont,* 394 Fed. Appx. 38, 46 (5th Cir. 2010) (affirming an award of attorneys' fees of $428,421.75 to the plaintiff in a single-plaintiff discrimination failure to promote case); *Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 789 (S.D. Tex. 2007) (awarding prevailing plaintiff in a single-plaintiff ADEA case tried in Houston $336,010.50 in attorneys' fees).

<b><u>JURY DEMAND</u></b>

40.    Mr. Kent demands a jury trial.

<b><u>PRAYER</u></b>

Mr. Kent asks that the court issue citation for Defendants to appear and answer, and that he be awarded a judgment against Defendants for the following:

a.    Actual damages including by not limited to pecuniary losses, non-pecuniary losses, back-pay, and front-pay (or reinstatement);

b.    Liquidated damages;

c.    Prejudgment and post-judgment interest;

d.    Attorneys' fees and court costs; and

e.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:   s/ Mark J. Oberti
     Mark J. Oberti
     State Bar No. 00789951
     S.D. Texas No. 17918
     712 Main Street, Suite 900
     Houston, TX 77002
     (713) 401-3555 – Telephone
     (713) 401-3547 – Facsimile
     mark@osattorneys.com – Email

     ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES KENT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| TAYLOR SMITH CONSULTING, LLC, | § | |
| WASTE MANAGEMENT, INC. and WASTE | § | |
| MANAGEMENT OF TEXAS, INC. | § | |
| | | |
| Defendants. | | |

## <u>AFFIDAVIT OF CHARLES KENT</u>

| | |
|---|---|
| STATE OF T E X A S | § |
| | § |
| COUNTY OF HARRIS | § |

On this day, Charles Kent appeared before me, the undersigned authority, who upon his

oath, deposes and states:

1.    I am over the age of 21, competent to make this affidavit, and have personal knowledge that everything stated herein is true and correct.

2.    I have read Plaintiff's Sworn Original Complaint in this case.  Unless otherwise indicated as being on "information and belief," the statements under the heading "Factual Background" in Plaintiff's Sworn Original Complaint in this case are all true and correct on my personal knowledge.

3.    The exhibits attached to Plaintiff's Sworn Original Complaint are true and correct copies of the originals.

4.    Further, Affiant sayeth naught.

_____
CHARLES KENT

-14-

SUBSCRIBED AND SWORN TO before me on this the 22nd day of May, 2017, certify which witness my hand and seal of office.



Notary Public in and for
The State of TEXAS
Printed name: Angela S. Clark

LISA M GREER
NOTARY PUBLIC-STATE OF TEXAS
COMM. EXP. 11-09-2019
NOTARY ID 12631803-7

# EXHIBIT 1



**TaylorSmith Consulting**

*June, 2015*
*15  16  17  18  19  20*
*Mon Tue Wed Thr Fri Sun*
*21  22  23 24 25 26 27*
*28 29 30  23*

Employee Name: **Charles Kent**

Assignment: Waste Management Houston
Location: 1903 Afton   Houston, TX 77055

Title: Laborer
Rate of Pay: $80 per day

Pay Period: Weekly (Time sheets are due in the office weekly --Monday)

Start Date: **June 15, 2015**

Regular Work Schedule: 5:30 - Until  Monday-Saturday

Required Dress Code:  6" steel-toe boots, long pants, shirt; other PPE will be provided. **LUNCH & WATER IS REQUIRED**

Job Site Supervisor:  RoseMary  Cell (832)746-2547

Taylor Smith Consulting contact number:     713-937-3111 Office (Hours are 7:30 am – 5:00 pm)
1-877-937-3111 Toll Free
713-937-3486 Fax

Staff:     Frances Rodriguez, Administration Manager
Mike Green, Field Services Supervisor
Kenisha Barnes, Recruiter

After Hours Contact:   Please email kbarnes@taylorsmithconsulting.com

*Please make sure all new hire paperwork has been completed before you report to work.  Required new hire documents can be found on the internet at https://mytscsolutions.net/ under the Employee Forms section.  Please fax your completed forms to 713-937-3486 or email them to kbarnes@taylorsmithconsulting.com*

TAYLOR SMITH CONSULTING, LLC
16800 Greenspoint Park Drive Suite 155
Houston, Texas 77060
PHONE 713.937.3111
FAX 713.937.3486



EXHIBIT
1

# EXHIBIT 2

UI Support & Customer Service
TEXAS WORKFORCE COMMISSION
PO BOX 370040
EL PASO TX 79937-0040

## DETERMINATION ON PAYMENT OF UNEMPLOYMENT BENEFITS
### Date Mailed: August 3, 2015

CHARLES A KENT
5803 HARRISBURG BLVD
HOUSTON TX 77011-4323

Social Security Number: XXX-XX-205
Employer: TAYLOR SMITH CONSUL
As:
Employer Account No: 11-455137-6
All dates are shown in
month-day-year order.

### Decision

**Issue:** Separation from Work
**Decision:** We cannot pay you benefits.
**Reason for Decision:** Our investigation found your employer fired you because you did not perform your work to the employer's standards although you had previously demonstrated you were capable of doing adequate work. This is considered misconduct connected with the work.
**Beginning Date of No Payment Period (Disqualification):** 06-28-15
**What you can do:** You can request that we end this disqualification if you return to employment as defined in the Texas Unemployment Compensation Act after the beginning date above and:
(a) Work at least 30 hours a week for six weeks; or earn wages equal to six times your weekly benefit amount; AND
(b) provide TWC with proof of your work or earnings and request that we end the disqualification.
You can fulfill the work or earnings requirements while you continue to work part time. However, if you are no longer working, you must have a qualifying separation from your last job.
**Law Reference:** Section 207.044 and Subchapter D, Section 201 of the Texas Unemployment Compensation Act.

### Determination of Potential Chargeback for the Employer

### If You Disagree with this Decision

If you disagree with this decision, you may appeal. Submit your appeal online, by fax, or by mailing on or before **08-17-15**. TWC will use the postmark date or the date we receive the fax or online form to determine whether your appeal is timely. If you appeal by fax, you should keep your fax confirmation as proof of transmission. Please include a copy of this notice with appeals correspondence. You must appeal each determination separately.

Mail the appeal to:

| You may appeal by submitting TWC's online appeal form. Go to www.texasworkforce.org |
| --- |

Appeal Tribunal
Texas Workforce Commission
101 E. 15th Street
Austin, TX 78778-0002
Or fax to (512) 475-1135

| Case No.: | 26 |
| --- | --- |
| Claim ID.: | 01-04-15 |
| Claim Date: | 06-28-15 |
| HEARING IMPAIRED CLIENTS CALL 711 for RELAY TEXAS | |

**Please See Reverse For How To File An Appeal.**

BD300E 06/27/2013



EXHIBIT
2

# EXHIBIT 3

 

# Texas Workforce Commission
## Appeal Tribunal

**TWC Building**
**Austin, Texas 78778**

<u>09-29-2015</u>
Date Mailed

CLAIMANT:

| CHARLES A. KENT |
| 5803 HARRISBURG BLVD |
| HOUSTON TX 77011-4323 |

Appeal No.          1974173-1-2

S.S. No.               XXX-XX-2055

I. C. Date            01/04/2015

Appeal Filed By:     Claimant

Date Appeal Filed:   08/05/2015

Notice: The attached decision of the Appeal Tribunal will become final unless, within **FOURTEEN (14) DAYS** after the date mailed, further action is taken in accordance with the instructions contained in this decision. The last day on which you may file an appeal is **10-13-2015**. This date takes into account any official Texas State or Federal holiday which would extend the appeal time limit.

## Appearances:

| Date/Location | For Claimant | For Employer |
| --- | --- | --- |
| 09/02/2015 Telephone | NONE | NONE |
| 09/25/2015 Telephone | CHARLES A. KENT | NONE |

EMPLOYER:     PI:____    NPI: _X__    Account No.  11-455137-6
**EMPLOYER HAS NO APPEAL RIGHTS**

| TAYLOR SMITH CONSULTING LLC |
| 16800 GREENSPOINT PARK DR STE 155N |
| HOUSTON TX 77060-2311 |

**EXHIBIT**
**3**

A-1ATE (907) DATES ARE SHOWN AS MONTH, DAY, & YEAR.

TEXAS WORKFORCE COMMISSION Appeal Tribunal Decision

Appeal No.:  1974173-1-2
Page No:        2

**CASE HISTORY:**  A determination dated July 30, 2015 held the claimant ineligible to receive benefits under Section 207.021(a)(3) of the Texas Unemployment Compensation Act beginning July 12, 2015 through July 25, 2015, because the claimant was not able to work.  The claimant appealed.

A determination dated August 3, 2015 disqualified the claimant under Section 207.044 of the Texas Unemployment Compensation Act because the claimant was discharged from the last work due to misconduct connected with the work.  The no payment period began June 28, 2015 and continues until the claimant returns to employment and either works for six weeks or earns wages at least equal to six times the claimant's weekly benefit amount.  The claimant appealed.

**ISSUES:**  The issues in this case include:

Whether the claimant separated from the last work as a result of a discharge based on work-connected misconduct or a voluntary quit without good work-connected cause.

Whether the claimant is/was able to work.

**FINDINGS OF FACT:**  Prior to filing an additional claim for unemployment benefits with the effective date of June 28, 2015, the claimant last worked from June 14, 2015, through June 25, 2015, as a contract labor for the named employer, a temporary help agency.

On June 25, 2015, the claimant's temporary assignment ended. The claimant called the employer the next day and reported that he was available for more work. No further work was available. The claimant was aware that his unemployment benefits could be denied if he failed to contact the temporary help firm for reassignment on completion of a temporary job. The claimant was not aware of a specific day to report availability under the employer's policy.  The claimant was laid off due to a lack of work when he reported his availability for work and no further work was available.

The claimant was unable to work and under the care of a doctor from July 12, 2015 through July 22, 2015.

**CONCLUSIONS:**  Section 207.044 of the Act provides that an individual who was discharged for misconduct connected with the individual's last work is disqualified for benefits until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount.

Section 201.012 of the Act defines misconduct to mean mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees, but does not include an act in response to an unconscionable act of an employer or superior.

Section 207.045 of the Act provides that an individual who left the individual's last work voluntarily without good cause connected with the work is disqualified until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount, unless the individual left work to move with a spouse from the area where the individual worked. In that case, the claimant shall be disqualified for not less than six nor more than twenty-five benefit periods following the filing of a valid claim, as determined by the Commission according to the

TEXAS WORKFORCE COMMISSION Appeal Tribunal Decision

Appeal No.:    1974173-1-2
Page No:    3

circumstances in each case. No individual who is available to work may be disqualified because the individual left work because of a medically verified illness of the claimant or claimant's minor child, injury, disability, pregnancy, an involuntary separation as described under Section 207.046 of the Act if the individual is available for work, or a move from the area of the individual's employment that was made with the individual's spouse who is a member of the armed forces of the United States; and resulted from the spouse's permanent change of station of longer than 120 days or a tour of duty of longer than one year. A medically verified illness of a minor child prevents disqualification under this section only if reasonable alternative care was not available to the child and the employer refused to allow the individual a reasonable amount of time off during the illness. Military personnel who do not reenlist may not be considered to have left work voluntarily without good cause connected with the work. An individual who is partially unemployed and who resigns that employment to accept other employment that the individual reasonably believes will increase the individual's weekly wage is not disqualified for benefits under this section.

Good cause connected with the work for leaving, as that term is used in the law of unemployment insurance, means such cause, related to the work, as would induce a person who is genuinely interested in retaining work to nevertheless leave the job.

Section 207.045(h) of the Act provides that a temporary employee of a temporary help firm is considered to have left the employee's last work voluntarily without good cause connected with the work if the temporary employee does not contact the temporary help firm for reassignment on completion of an assignment. A temporary employee is not considered to have left work voluntarily without good cause connected with the work under this subsection unless the temporary employee has been advised:

    (1)   that the temporary employee is obligated to contact the temporary help firm on completion of assignments; and

    (2)   that unemployment benefits may be denied if the temporary employee fails to do so.

The following decision has been adopted as a precedent by the Commission in Section VL 135.05 of the Appeals Policy and Precedent Manual.

    In Appeal No. 263-CA-68, the claimant, also an employee of a temporary help service, completed a job assignment on a Friday and reported to the employer on the following Monday for reassignment, at which time he was advised that no other work was available. The claimant was not offered any further work until after he filed his initial claim. The employer required its employees to report back as soon as possible upon completion of a job assignment and there was no evidence that there would have been any work available had the claimant reported back on the intervening Saturday. HELD: Since the claimant reported to the employer subsequent to completing his last job assignment and since he was not offered work until after he had filed his initial claim, his separation was due to lack of work. No disqualification under Section 207.045 or Section 207.044.

The above-referenced precedent is applicable to the present case. In the present case, the claimant reported that he was available for further work at the end of his last assignment on the next business day. Since the claimant specifically notified the employer on the next business day that he was available for reassignment when he was told his assignment had ended and no further work was offered until after

TEXAS WORKFORCE COMMISSION Appeal Tribunal Decision

Appeal No.: __1974173-1-2__
Page No: ___4___

he had filed his initial claim, the claimant's separation was due to a lack of work. This Appeal Tribunal concludes the claimant was discharged for reasons other than misconduct connected with the work Therefore the claimant is not subject to disqualification under Section 207.044 of the Act. The determination dated August 3, 2015, disqualifying the claimant beginning June 28, 2015, under Section 207.044 of the Act will be reversed.

Section 207.021(a)(3) of the Act provides that an unemployed individual is eligible to receive benefits for a benefit period if the individual is able to work.

The following decision has been adopted as a precedent by the Commission in Section AA 235.05 of the Appeals Policy and Precedent Manual.

    Appeal No. 4184-Ca-76. A claimant who is not physically able to work full-time is ineligible for benefits under Section 207.021(a)(3) of the Act.

The claimant was unable to work and under the care of a doctor from July 12, 2015 through July 22, 2015. Since the claimant was unable to work and under the care of a doctor it is concluded the claimant was not able to work. Therefore, the ineligibility under Section 207.021(a)(3) of the Act is to be affirmed. Therefore, the determination dated July 30, 2015, which held the claimant ineligible to receive benefits under Section 207.021(a)(3) of the Act beginning July 12, 2015 through July 25, 2015, will be affirmed.

DECISION: The determination dated August 3, 2015, disqualifying the claimant beginning June 28, 2015, under Section 207.044 of the Act is reversed.

The determination dated July 30, 2015, which held the claimant ineligible to receive benefits under Section 207.021(a)(3) of the Act beginning July 12, 2015 through July 25, 2015, is affirmed.

emt

E. THOMPSON
Hearing Officer

# EXHIBIT 4

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**

Last Name: _Kent_    First Name: _Charles_    MI: _A_

Street or Mailing Address: _1117 Texas Avenue_    Apt or Unit #: _____

City: _Houston_    County: _Harris_    State: _Texas_    Zip: _77002_

Phone Numbers: Home: ( — )  — — —    Work: ( 713 ) 928 – 3861

Cell: ( 404 ) 938 - 4216    Email Address: _Charles Kent 6058 Yahoo.com_

Date of Birth: _12/11/1952_    Sex: ☑ Male ☐ Female    Do You Have a Disability? ☐ Yes ☑ No

Please answer each of the next three questions.    i. Are you Hispanic or Latino? ☐ Yes ☑ No

ii. What is your Race?    Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White
☑ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? _United States_

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: _Melvin Batts_    Relationship: _____

Address: _4 N. Sycamore Dr._    City: _Aldan_    State: _Pa_    Zip Code: _19109_

Home Phone: ( 484 ) 466-1164    Other Phone: ( — )

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☑ Employer ☐ Union ☑ Employment Agency ☐ Other (Please specify) _____

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.

Organization Name: _Taylor Smith Consulting, LLC, Waste Management_

Address: _16800 Greenspoint Park Drive_    County: _Harris_

City: _Houston_    State: _TX_    Zip: _77060_    Phone: ( 713 ) 937-3111

Type of Business: _Staffing, Waste Mgt_    Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: _Kenisha Barnes_    Phone: ( 713 ) 937-3111

Number of Employees in the Organization at All Locations: Please Check (✓) One

☐ Fewer Than 15    ☐ 15 - 100    ☐ 101 - 200    ☐ 201 - 500    ☑ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☐ No

Date Hired: _June 15, 2015_    Job Title At Hire: _Laborer_

Pay Rate When Hired: _8:00 p.m._    Last or Current Pay Rate: _8.25 pr. hr_

Job Title at Time of Alleged Discrimination: _Laborer_    Date Quit/Discharged: _June 30, 2015_

Name and Title of Immediate Supervisor: _Rose Mary / Supervisor_

If Job Applicant, Date You Applied for Job _6/04/15_ Job Title Applied For _Truck Helper_



**EXHIBIT 4**

4. What is the reason (basis) for your claim of employment discrimination?

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your race, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☑ Race ☐ Sex ☑ Age ☐ Disability ☐ National Origin ☐ Religion ☐ Retaliation ☐ Pregnancy ☑ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing    ii. family medical history    iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:  Afro American

If you checked genetic information, how did the employer obtain the genetic information?

Other reason (basis) for discrimination (Explain):

5. What happened to you that you believe was discriminatory? <u>Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.</u> Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: 6/27/15   Action: Told that Lay-off was due to Lack of work. However Employer told Texas Workforce Commission (TWC) that I was discharged for Failure to Perform

Name and Title of Person(s) Responsible:

B. Date: _____   Action: _____

Name and Title of Person(s) Responsible _____

6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.
I was told that I could not handle the truck helper position because of my age and was being switched to warehouse work. There wasn't enough work there to justify unsatisfactory performance

7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?
The warehouse foreman told me my last day there that I was no longer needed and that I was being laid-off. Why tell TWC that I was Fired.

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. | | | |
| B. | | | |

2

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _____

_____

B. _____

_____

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _____

_____

B. _____

_____

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
☐ Yes, I have a disability
☐ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_____

_____

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
☐ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____

_____

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
☐ Yes ☐ No
If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____
Who did you ask? (Provide full name and job title of person)

_____

Describe the changes or assistance that you asked for: _____

_____

_____

How did your employer respond to your request? _____

_____

3

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|
| A. _Rose Mary_ | _Foreman_ | _1403 Afton, Houston, TX_ _(832) 746-7547_ | _I was too old to work at Waste Management_ |
| B. _Mike_ | _Warehouse Foreman_ | _1403 Afton, Houston, TX_ _(832) 746-7547_ | _I was Laid-off_ |

14. Have you filed a charge previously on this matter with the EEOC or another agency? ☐ Yes ☑ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: _____

_____

16. Have you sought help about this situation from a union, an attorney, or any other source? ☑ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_Sullivan and O'neill, told to File a complaint. Spoke with_
_in February of 2015_

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2 ☑ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Charles A. Kent_                          _March 30, 2016_
_____          _____
Signature                                      Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/2008). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

EXHIBIT 5

EQUAL

n 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 460-2016-02245 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Charles Kent           RECEIVED | (409) 938-4216 | 12-11-1952 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1117 Texas Ave, Houston, TX 77002    APR 19 2016 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name                    EEOC | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TAYLOR SMITH CONSULTING LLC | 500 or More | (713) 937-3111 |

| Street Address | City, State and ZIP Code |
|---|---|
| 16800 Greenspoint Park Dr, Ste 155,  Houston, TX 77060 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| *Waste Management Houston* | *500 or More* | *(832) 746-2847* |

| Street Address | City, State and ZIP Code |
|---|---|
| *1903 Afton*          *Houston, Texas 77055* | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 06-27-2015 | 06-27-2015 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I was discriminated against because of my race and age.

I began work with the Company on 6/15/2015 as a Laborer. I was told that I could not handle the truck helper position because of my age and was being switched to warehouse work. The warehouse foreman told me my last day there that I was no longer needed and that I was being laid-off. Why tell TWC that I was fired? On 6/30/2015, my employment was terminated.

On 6/27/2015, I was told that I was being terminated in a lay-off due to lack of work. However, the employer told TWC that I was discharged for failure to perform.

I believe I was discriminated against because of my race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age (62; at time of termination) in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4/16/2016          X _Charles Kent_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

**EXHIBIT 5**

# EXHIBIT 6

ᴱQUAL EMᵖ·          ᵖSION

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 460-2016-02646 |

**Texas Workforce Commission Civil Rights Division**                  and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Charles A. Kent | (409) 938-4216 | 12-11-1952 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1117 Texas Ave, Houston, TX 77002 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WASTE MANAGEMENT OF TEXAS, INC. | 500 or More | (713) 686-6666 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1901 Afton,  Houston, TX 77055 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☐ RETALIATION | ☒ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-27-2015    Latest: 06-27-2015

☐ CONTINUING ACTION

RECEIVED
MAY 2 0 2016
HOUSTON
DISTRICT OFFICE
EEOC

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe I was discriminated against because of my race and age.

I began work with the Company on 6/15/2015 as a Laborer. I was told that I could not handle the truck helper position because of my age and was being switched to warehouse work. The warehouse foreman told me my last day there that I was no longer needed and that I was being laid-off. Why tell TWC that I was fired? On 6/30/2015, my employment was terminated.

On 6/27/2015, I was told that I was being terminated in a lay-off due to lack of work. However, the employer told TWC that I was discharged for failure to perform.

I believe I was discriminated against because of my race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age (62; at time of termination) in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 5/20/2016          X  *[signature]* Date                           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**EXHIBIT**
6

# EXHIBIT 7

 

**Kimberly Gee Stith**
Vice President and General Counsel –
Employment and Benefits



**WASTE MANAGEMENT**
1001 Fannin
Houston, TX 77002
713 512 6291
713 265 1641 Fax

June 9, 2016

<u>Via EEOC Respondent Portal</u>

Jose Dennis
U.S. Equal Employment
   Opportunity Commission
Houston District Office
Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002



    Re:   Charles A. Kent
            EEOC Charge No: 460-2016-02646

Dear Mr. Dennis:

I am Vice President and General Counsel for Waste Management and will be representing Waste Management of Texas, Inc. ("Waste Management" or the "Company") with respect to the above-referenced discrimination complaint. Please send all future communications regarding this matter directly to me.

As an initial matter, Waste Management never employed Mr. Kent and is not a proper party to this charge. Mr. Kent provided as needed temporary labor at Waste Management's Afton Road location pursuant to a contract between Waste Management and his employer Taylor Smith Consulting. At no time was Mr. Kent hired or terminated by Waste Management, and Waste Management had no authority to do so.

Most importantly, Mr. Kent claims that the last act of discrimination occurred on June 27, 2015 more than 300 days before he filed this Charge with the EEOC. Mr. Kent's allegations are denied and time barred pursuant to the statute.



**EXHIBIT**

**7**



Mr. Jose Dennis
EEOC – Houston District Office
Re:  Charles A. Kent
June 9, 2016
Page 2

Thank you for your cooperation in this matter and if you have any questions, please do not hesitate to contact me.


Sincerely,

Kimberly Gee Stith /sl

Kimberly Gee Stith
Vice President and General Counsel –
 Employment Law and Benefits

# EXHIBIT 8



TaylorSmith
Consulting

October 19, 2016

U.S. Equal Employment Opportunity Commission
Houston District Office
Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, Texas 77002

Reference:    Position Statement for Charge No. 460-2016-02245
              Charles Kent

Dear Sir,

Taylor Smith Consulting is a leading staffing resource provider. Our services include staffing (contract and temporary contingent employees), project management, Human Resource consulting, and training.

With over 25 years of working knowledge in staffing and Human Resource consulting, we strive for excellence and Customer satisfaction. Taylor Smith Consulting is a 2009 National Minority Supplier Development Council (NMSDC) Emerging Ten Award Winner, 2008 Pinnacle Award Finalists, and accredited gold star members of the Better Business Bureau. We currently have approximately 650 temporary employees.

Taylor Smith Consulting received Charge No. 460-2016-0224 on October 5, 2016. This charge alleges the following:

**Charges – Race (African American) Discrimination and Age (62 years of age) Discrimination against Charles Kent; violation of Title VII of the Civil Rights Act of 1964 and violation of the Age Discrimination in Employment Act of 1967, as amended**

**Position of Taylor Smith Consulting**
It is the policy of Taylor Smith Consulting to assure that applicants are employed, and that employees are treated during employment, without regard to their race, religion, sex, color, national origin, age or disability. Such action shall include: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship, pre-apprenticeship, and/or on-the-job training.



EXHIBIT
8

In order to provide equal employment and advancement opportunities to all individuals, employment decisions at Taylor Smith Consulting will be based on merit, qualifications, and abilities. Taylor Smith Consulting does not discriminate in employment opportunities or practices based on race, color, religion, sex, national origin, age, or any other characteristic protected by law.

This policy governs all aspects of employment, including selection, job assignment, compensation, discipline, termination, and access to benefits and training.

Any employees with questions or concerns about any type of discrimination in the workplace are encouraged to bring these issues to the attention of their immediate supervisor or the Human Resource Department. Employees can raise concerns and make reports without fear of reprisal. Anyone found to be engaging in any type of unlawful discrimination will be subject to disciplinary action, up to and including termination of employment.  This information is outlined in our Employee Handbook, in Section 2.3. Charles Kent received a copy of the Employee Handbook.  A copy of Section 2.3 and a copy of Mr. Kent's Handbook Acknowledgement form is attached.

Charles Kent was assigned to a temporary position on June 15, 2015, as a General Laborer, with our Client Waste Management.  Mr. Kent worked in this position from June 15, 2015 through June 25, 2015. Mr. Kent was assigned to work as a temporary General Laborer in the maintenance shop at Waste Management by Rosemary Almendarez, Senior Onsite Supervisor for Taylor Smith Consulting.  Over this ten (10) day period, Mr. Kent was trained and worked as a temporary team member in the maintenance shop. On June 25, 2015, Waste Management spoke to Rosemary Almendarez and requested to end the temporary assignment for Charles Kent because after continuous training, he was not able to perform the requirements of the position.

Charles Kent was not discriminated against because of his race or because of his age. Mr. Kent did not raise any concern or complaint of discrimination to his supervisor Rosemary Almendarez during his ten (10) days temporary assignment, nor did he raise any concern or complaint of discrimination to our Human Resource department.  A copy of the Investigation Determination from the Texas Workforce Commission is attached to support that Mr. Kent was released from his temporary assignment at Waste Management for performance.

There have been no individuals other than the Charging Party who have been similarly affected by race discrimination or age discrimination by our company.  Taylor Smith Consulting has individuals of all races, to include African American, and all ages, to include individuals who are 60+ years of age working on temporary work assignments.

Taylor Smith Consulting is committed to providing the best possible working conditions for its employees. Part of this commitment is encouraging an open and frank atmosphere in which any problem, complaint, suggestion, or question receives a timely response from Taylor Smith Consulting supervisors and management.

Taylor Smith Consulting strives to ensure fair and honest treatment of all employees. Supervisors, managers, and employees are expected to treat each other with mutual respect. Employees are encouraged to offer positive and constructive criticism.

If employees disagree with established rules of conduct, policies, or practices, they can express their concern through the problem resolution procedure. No employee will be penalized, formally or informally, for voicing a complaint with Taylor Smith Consulting in a reasonable, business-like manner, or for using the problem resolution procedure.

If a situation occurs when employees believe that a condition of employment or a decision affecting them is unjust or inequitable, they are encouraged to make use of the following steps. The employee may discontinue the procedure at any step.

1. Employee presents problem to immediate supervisor after incident occurs. If supervisor is unavailable or employee believes it would be inappropriate to contact that person, employee may present problem to Human Resources or any other member of management.

2. Supervisor responds to problem during discussion or after consulting with appropriate management, when necessary. Supervisor documents discussion.

3. If satisfaction is not received; Employee presents problem to Human Resources if problem is unresolved.

4. Human Resources counsels and advises employee, assists in putting problem in writing and visits with employee's manager(s), if necessary.

5. If satisfaction is not received; Employee presents problem to the President in writing.

6. The President reviews and considers problem. The President informs employee of decision and forwards copy of written response to Human Resources for employee's file. The President has full authority to make any adjustment deemed appropriate to resolve the problem.

This information is outlined in our Employee Handbook, in Section 7.9. Charles Kent received a copy of the Employee Handbook. A copy of Section 7.9 and a copy of Mr. Kent's Handbook Acknowledgement form is attached.

When an individual is placed on a temporary assignment by Taylor Smith Consulting, they are required to review and sign a Temporary Employment Memorandum of Understanding. The Memorandum of Understanding informs the individual that they are being placed on a temporary assignment, and instructs them to contact Taylor Smith Consulting's administrative office to notify our office of their availability for work. Our company does not have any record of Charles Kent contacting our office to indicate that

he was or is available to work on other temporary employment assignments. A copy of Mr. Kent's signed Temporary Memorandum of Understanding is attached.

As a proposed resolution, Mr. Kent may contact Taylor Smith Consulting to notify our company of his availability for work, and to see if our company has any temporary employment assignments that he may be qualified to work.

Thank you for reviewing our Position Statement.


Respectfully submitted,


Tracy T. Smith
President/CEO
Taylor Smith Consulting, LLC
16800 Greenspoint Park Drive, Suite 155N
Houston, Texas 77060
Telephone: 713-937-3111
Email: tracy.smith@taylorsmithconsulting.com

# EXHIBIT 9

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   Charles A. Kent
      1414 Congress St., Unit 218
      Houston, TX 77002

From:   Houston District Office
        Mickey Leland Building
        1919 Smith Street, 7th Floor
        Houston, TX 77002

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2016-02646 | Elaine White, Investigator | (713) 651-4975 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission



*Marina Guerra*                    May 11, 2017

Enclosures(s)

Rayford O. Irvin,
District Director

*(Date Mailed)*

cc:   Kimberly G. Stith, Esq.
      Sr. Employment Counsel
      WASTE MANAGEMENT
      1001 Fannin Street, Suite 4000
      Houston, TX 77002

      Lowell Keig, Executive Director
      Texas Workforce Comm - Civil Rights Division
      101 East 15th St., Room 144T
      Austin, TX 78778-0001

**EXHIBIT**
**9**

# EXHIBIT 10

EEOC Form 161-B (11/16)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   Charles A. Kent
      1414 Congress St., Unit 218
      Houston, TX 77002

From:   Houston District Office
        Mickey Leland Building
        1919 Smith Street, 7th Floor
        Houston, TX 77002

☐   On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2016-02245 | Elaine White,<br>Investigator | (713) 651-4975 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Rayford O. Irvin,
**District Director**

May 11, 2017
(Date Mailed)

cc:   Tracy Smith, CEO
      TAYLOR SMITH CONSULTING, LLC
      16800 Greenspoint Park Dr STE 155N
      Houston, TX 77060

      Lowell Keig, Executive Director
      Texas Workforce Comm - Civil Rights Division
      101 East 15th St., Room 144T
      Austin, TX 78778-0001



EXHIBIT

10